**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| CIRO DAVILA, | 2:10-cv-02252-ECR-GWF |
| Plaintiff, | |
| vs. | **Order** |
| BAC HOME LOANS SERVICING, LP, a subsidiary of BANK OF AMERICA, N.A., and DOES I-X, inclusive, | |
| Defendants. | |

Plaintiff asserts six causes of action for: (i) breach of contract; (ii) wrongful foreclosure; (iii) preliminary/permanent injunction; (iv) unjust enrichment; (v) estoppel; and (vi) misrepresentation.

### I. Factual Background

In October 2006, Plaintiff secured a loan (the "Loan") for the purpose of purchasing real property located at 112 Staplehurst Avenue, Henderson, Nevada 89002 (the "Property"). (Compl. ¶ 1 (#1 Ex. 1).)  Plaintiff fell behind on his mortgage payments and initiated a discussion with Defendant regarding a modification of the terms of his loan. (Id. ¶ 4.)  Plaintiff asserts that Defendant told Plaintiff to make monthly payments in the amount of $1,659.56 as part of a trial loan modification period to begin in

approximately September 2009. (Id. ¶ 5.)  Plaintiff contends that he was told that after three months, Plaintiff would receive a permanent modification of the Loan. (Id. ¶ 6.)  Plaintiff has made monthly payments of $1,659.56 from September 2009 through July 2010. (Id. ¶ 7.)  Plaintiff asserts that the Property was foreclosed on in August or September 2010. (Id. ¶ 8.)

## II. Procedural Background

Plaintiff filed his complaint (#1 Ex. 1) in state court on October 12, 2010.  Defendant filed a petition (#1) for removal to this Court on December 28, 2010.  Defendant filed its motion (#4) to dismiss on January 4, 2011.  Plaintiff opposed (#7) and Defendant replied (#10).  The motion is ripe, and we now rule on it.

## III. Motion to Dismiss Standard

Courts engage in a two-step analysis in ruling on a motion to dismiss. Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007).  First, courts accept only non-conclusory allegations as true. Iqbal, 129 S. Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555).  Federal Rule of Civil Procedure 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id.  Federal Rule of Civil Procedure 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at 1950.  The Court must draw all reasonable inferences in favor

2

of the plaintiff. See Mohamed v. Jeppesen Dataplan, Inc., 579 F.3d 943, 949 (9th Cir. 2009).

After accepting as true all non-conclusory allegations and drawing all reasonable inferences in favor of the plaintiff, the Court must then determine whether the complaint "states a plausible claim for relief." Iqbal, 129 S. Ct. at 1949. (citing Twombly, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 1949 (citing Twombly, 550 U.S. at 556). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. A complaint that "pleads facts that are 'merely consistent with' a defendant's liability...' stops short of the line between possibility and plausibility of 'entitlement to relief.'" Id. (citing Twombly, 550 U.S. at 557).

### IV. Defendant's Motion (#4) to Dismiss

**A. First Cause of Action: Breach of Contract**

To state a claim for breach of contract, a plaintiff must allege (i) the existence of a valid agreement between the plaintiff and the defendant; (ii) a breach by the defendant; and (iii) damages as a result of such breach. Calloway v. City of Reno, 993 P.2d 1259 (Nev. 2000). Deeds of trust are subject to the statute of frauds in Nevada. NEV. REV. STAT. § 111.205; See Sattari v. Washington Mut., 2010 U.S. Dist. LEXIS 105153 (D. Nev. Sept. 29, 2010). Oral agreements to modify deeds of trust are also subject to the statute

3

1  of frauds. Tomax v. Wells Fargo Home Mortg., 2011 U.S. Dist. LEXIS
2  37669 at *4 (D. Nev. Mar. 29, 2011); See also 37 C.J.S. Stat. Frauds
3  95; Powell on Real Property, Section 81.02[2][d]("oral modification
4  of a written agreement to convey an interest in property generally
5  fails").

6  Plaintiff has not alleged that any written agreement to modify
7  the terms of the Loan exists.  Rather, Plaintiff has alleged breach
8  of the alleged oral modification to the original contract.  This
9  claim must fail as a matter of law.  We find that the adjusted
10 payments Plaintiff tendered under the alleged loan modification were
11 already due under the original loan agreement and did not constitute
12 new consideration.  Plaintiff's first cause of action for breach of
13 contract will therefore be dismissed.

14 **B. Second Cause of Action: Wrongful Foreclosure**

15 A tort action for wrongful foreclosure exists in Nevada where
16 "no breach of condition or failure of performance existed on the
17 mortgagor's or trustor's part which would have authorized the
18 foreclosure or exercise of power of sale." Collins v. Union Federal
19 Sav. & Loan Ass'n, 662 P.2d 610, 623 (Nev. 1983).  Plaintiff does
20 not dispute that he breached his loan agreement by failing to make
21 payments in accordance with the original loan agreement.  As stated
22 above, Plaintiff and Defendant did not enter into a valid loan
23 modification agreement.  The Ninth Circuit Court of Appeals has
24 affirmed that trial courts have inherent equitable discretion to bar
25 a claim for lack of tender if the failure to tender renders the
26 remedy unenforceable. Yamamoto v. Bank of N.Y., 329 F.3d 1167, 1173
27 (9th Cir. 2003).  This District has adopted the "widely accepted"

28

4

1 tender rule that a party pursuing a quiet title claim must tender
2 the undisputed amount due and owing to challenge the validity of a
3 sale or title to the property. See Abdallah v. United Savings Bank,
4 43 Cal. App. 4th 1101, 1109 (1996). Plaintiff's partial payment of
5 less than he owed under the original loan agreement does not comply
6 with the tender rule. Plaintiff's second cause of action for
7 wrongful foreclosure fails as a matter of law and will therefore be
8 dismissed.

**C. Third Cause of Action: Preliminary/Permanent Injunction**

10 An injunction is a remedy, not a cause of action. As we find
11 that Plaintiff's complaint (#1-1) fails to state a claim upon which
12 relief may be granted, Plaintiff's third cause of action for
13 preliminary/permanent injunction will therefore be dismissed.

**D. Fourth Cause of Action: Unjust Enrichment**

15 Unjust enrichment is a quasi-contract theory that allows the
16 court to prevent "the unjust retention of money or property of
17 another against fundamental principles of justice or equity and good
18 conscience." Asphalt Products Corp. v. All Star Ready Mix, Inc., 898
19 P.2d 699, 701 (Nev. 1995). We agree with Defendant BAC that there
20 has been no unjust retention of money or property in this case. All
21 monies paid over to BAC, whether pursuant to the written contract or
22 the purported loan modification, were already due under the original
23 loan agreement. King v. GMAC Mortg., LLC, 2010 U.S. Dist. LEXIS
24 127563 at *7 (D. Nev. Dec. 2, 2010). Plaintiff himself admits in
25 his Opposition (#7) that he has no claim for unjust enrichment
26 against BAC. (Opp. at 6 (#7).) Plaintiff's fourth cause of action
27 for unjust enrichment will therefore be dismissed. However,

5

1  Plaintiff is granted leave to amend his complaint to include a claim
2  against the lender for unjust enrichment.  Failure to do so within
3  twenty-one (21) days of the entry of this order will result in
4  Plaintiff's complaint being dismissed with prejudice.

### E. Fifth Cause of Action: Estoppel

Plaintiff alleges that because representatives of BAC made "direct verbal representations" to him that a loan modification agreement would be executed between the parties and foreclosure would not occur, he has adequately stated a claim for equitable estoppel. (Compl. ¶ 33 (#1 Ex. 1).)  As stated above, deeds of trust are subject to the statute of frauds in Nevada. NEV. REV. STAT. § 111.205.  Oral agreements to modify deeds of trust are also subject to the statute of frauds. Tomax, 2011 U.S. Dist. LEXIS 37669 at *4 (D. Nev. Mar. 29, 2011); See also 37 C.J.S. Stat. Frauds 95; Powell on Real Property, Section 81.02[2][d]("oral modification of a written agreement to convey an interest in property generally fails").  Plaintiff has not alleged that any written agreement to modify the terms of the loan exists.  Accordingly, Plaintiff's claim for equitable estoppel is barred by the statute of frauds and must be dismissed.

### F. Sixth Cause of Action: Misrepresentation

BAC has also moved to dismiss Plaintiff's claim for misrepresentation.  Misrepresentation is a form of fraud where a false representation is relied upon as fact. Tomax, 2011 U.S. Dist. LEXIS 37669 at *5-6 (D. Nev. Mar. 29, 2011). See also Pacific Maxon, Inc. v. Wilson, 619 P.2d 816 (Nev. 1980).  Fraud has a stricter pleading standard under Federal Rule of Civil Procedure 9(b), which

6

requires that a party "state with particularity the circumstances constituting fraud." FED. R. CIV. P. 9(b). Pleading fraud with particularity requires "an account of the time, place and specific content of the false representations, as well as the identities of the parties to the misrepresentations." Swartz v. KPMG LLP, 476 F.3d 756, 764 (9th Cir. 2007); See also Morris v. Bank of Nev., 886 P.2d 454, 456 n.1 (Nev. 1994).

Here, Plaintiff's claim for negligent misrepresentation fails because it was not pled with sufficient specificity pursuant to Federal Rule of Civil Procedure 9(b). In Barmettler v. Reno Air, Inc., the Nevada Supreme Court adopted the Restatement (Second) of Torts § 552 definition of negligent misrepresentation:

"One who, in the course of his business, profession or employment, or in any other action in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information."

956 P.2d 1382, 1387 (Nev. 1998). Nowhere in the complaint (#1 Ex. 1) does Plaintiff allege who made the fraudulent statements, when the statements were made, or where they were made. Moreover, Plaintiff fails to allege the specific content of the fraudulent statements; rather, his allegations include only broad generalizations. Accordingly, we will dismiss Plaintiff's negligent misrepresentation claim. However, Plaintiff is granted leave to amend this claim with specificity. Failure to do so within twenty-one (21) days of the entry of this order will result in Plaintiff's complaint being dismissed with prejudice.

///

### V. Conclusion

Plaintiff alleges six causes of action related to a foreclosure on the Property. Plaintiff's complaint (#1 Ex. 1) fails to state a claim upon which relief may be granted. We will therefore dismiss Plaintiff's complaint with leave to amend within twenty-one (21) days of the date hereof.

**IT IS, THEREFORE, HEREBY ORDERED** that Defendant BAC's motion (#4) to dismiss is GRANTED.

**IT IS FURTHER ORDERED** that Plaintiff shall have twenty-one (21) days from the date hereof within which to file an amended complaint.

DATED: July 26, 2011.

_Edward C. Reed_
UNITED STATES DISTRICT JUDGE